JOURNAL ENTRY and OPINION
{¶ 1} Appellants, Justine Carter and Milton C. Carter, Sr. (collectively referred to as "appellants"), appeal the trial court's decision granting summary judgment to appellees, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Transportation Insurance Company of Chicago, Illinois ("Transportation Insurance"), thus denying appellants' claims pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116, for the death of Milton C. Carter, II ("Milton Carter"), as a result of a motor vehicle accident in February 2001.
 {¶ 2} In February 2001, Milton Carter, died as a result of a violent motor vehicle accident where he was a passenger in a car driven by his friend. At the time of his death, Milton Carter lived with his mother, Justine Carter, was a senior at Cleveland Heights High School, and was a part-time employee of United Dairy Farmers ("UDF.") At the time of his accident, Justine Carter was employed by Medlink of Ohio, a subsidiary of National Healthcare Affiliates, Inc. UDF was insured at the time of the accident by Transportation Insurance and National Healthcare Affiliates, Inc. was insured by National Union. It is undisputed, however, that neither Milton Carter, nor Justine Carter were acting in the course and scope of his and/or her respective employment. Instead, Milton Carter was on his way home from a party and Justine Carter was at home waiting for her son to return.
 {¶ 3} Because Milton Carter and/or Justine Carter were not acting within the course or scope of his/her employment at the time the accident occurred, appellants cannot maintain aScott-Pontzer action. See Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 61, 797 N.E.2d 1256 ("we hereby limit Scott-Pontzer v. Liberty Mut. Fire Ins. Co. to apply only where an employee is within the course and scope of employment"). Based on the Supreme Court of Ohio's decision in Westfield Ins.Co., we need not address the arguments raised in appellants' appeal. See, e.g., Bibby v. Nationwide Ins. Co., Cuyahoga App. Nos. 83096 and 83116, 2004-Ohio-989, ¶ 2 ("even if we assumed that National Union's business auto liability policy afforded underinsured motorists coverage by operation of law, appellant would not be an insured under her employer's policy"). Thus, the trial court's decision granting summary judgment in favor of National Union and Transportation Insurance is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Sweeney, J., concur.